IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ameris Bank, formerly doing business as Island Community Bank, NA, | ) ) ) Civil No. 2:09-CV-2865-DCN |
| Plaintiff, | ) ) ) |
| vs. | ) ) **ORDER AND OPINION** |
| Sailing Vessel "Yemaya" Official Number 640613, her engines, bowspirit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories hereunto appertaining and belonging to her, *in rem*, and Charleston Luxury Sailing Charters, Inc., Palmetto Spine Center, and Hubert Alan Faulk, in *personam*, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

This matter is before the court on plaintiff's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendant Charleston Luxury Sailing Charters, Inc. ("CLSC") defaulted on a loan provided by plaintiff and guaranteed by defendants Palmetto Spine Center ("PSC") and Hubert Alan Faulk ("Faulk"). As a result, plaintiff seeks damages, attorney's fees, and costs. Defendants filed a response in opposition. For the reasons set forth below, the court grants plaintiff's motion.

**I.  BACKGROUND**

On or about October 6, 2005, plaintiff loaned $225,600.00 to CLSC to facilitate the purchase of the Sailing Vessel "Yemaya." In exchange for the loan, CLSC executed a note promising to repay the full loan amount plus interest. CLSC agreed to repay the loan in monthly installments of $3,007.08, with all remaining unpaid principal and interest due

1

on May 1, 2015. The note provides that plaintiff is entitled to collection costs from defendants if the note is not timely paid. See Mot. Summ. J. Ex. 2, at 3. On or about the same date, PSC and Faulk guaranteed the note. The identical unconditional guarantees provide:

> Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

Mot. Summ. J. Ex. 3, at 1, 6. CLSC executed and granted to plaintiff a First Preferred Ship Mortgage ("Mortgage") on the vessel to secure payment of the note. The Mortgage was filed with the United States Coast Guard National Vessel Documentation Center pursuant to the requirements of the Ship Mortgage Act, 46 U.S.C. §§ 31301-31330.

The note states that the borrower is in default if, among other things, it "does not make a payment when due" or "[f]ails to do anything required by this Note and other Loan Documents." Mot. Summ. J. Ex. 2, at 3. If a default occurs, the lender, plaintiff, is entitled to "[r]equire immediate payment of all amounts owing under this Note" and "[c]ollect all amounts owing from any Borrower or Guarantor," including all costs and expenses in enforcing the note, such as collection costs and reasonable attorney's fees. Id.

Plaintiff asserts that it performed its obligations under the note and the Mortgage; however, CLSC and its guarantors failed to make timely payments, thereby defaulting on

the loan.[1]  As a result, plaintiff claims the following damages:  (1) $175,401.91 in principle, interest, and late fees as of November 23, 2010; (2) interest at the rate of $30.76290 per day since November 24, 2010; (3) attorney's fees (in an amount to be determined); (4) $6,843.10 in U.S. Marshals Service fees; (5) $6,818.03 in substitute custodian fees (Charleston City Boatyard); (6) $975 in vessel survey fees; and (7) $780.54 in advertising costs for the arrest and sale of the "Yemaya."

Plaintiff's motion for summary judgment, filed on November 23, 2010, and the facts above are supported by the affidavit of Charles Hudgens, Vice President, Special Assets, Ameris Bank; a copy of the note executed by CLSC; copies of the unconditional guarantees executed by PSC and Faulk; a copy of the Mortgage; and an abstract of title filed with the National Vessel Documentation Center.[2]  On December 10, 2010, defendants filed a response in opposition, in which they "concede that they are in default on the loan" provided by plaintiff to CLSC.  Resp. Opp'n 1.  However, they argue that "any amounts due and owed under the loan documents should be offset by funds received by the Plaintiff from the Small Business Administration [(SBA)] regarding this matter."  Id.  In addition, defendants contest the amount of attorney's fees and costs owed because defendant CLSC "was making payments" to plaintiff and the seizure of the "Yemaya"

---

[1]In addition to defendants' failure to make payments on the "Yemaya," plaintiffs claim that defendants defaulted on the loan by failing to maintain insurance on the vessel, properly register the vessel with the United States Coast Guard, and pay the vessel's property taxes.  See Reply Ex. 6, at ¶¶ 7-8.

[2]Plaintiff's reply includes as attachments a second affidavit of Charles Hudgens, dated February 23, 2010, which identifies the various ways defendants defaulted on the loan; CLSC's loan transcript; e-mail messages between Mr. Hudgens and Faulk; and Charleston County Tax Records.

was "unnecessary," as CLSC never attempted to conceal or move it. Id. Defendants request that any amounts awarded to plaintiff, other than those owed "directly under the loan, after the offset of funds received by the Plaintiff from the [SBA], be approved separately after a full accounting of funds received from the [SBA] has been submitted to the Court." Id.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The nonmovant must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. The nonmovant "'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288 (1968)). Evidence should be viewed in the light most favorable to the nonmoving party and all inferences drawn in its favor. Anderson, 477 U.S. at 255. However, a mere "scintilla" of evidence will not preclude summary judgment. Id. at 252.

### III.  DISCUSSION

Defendants admit they defaulted on the loan provided by plaintiff; therefore, there is no genuine issue of material fact as to whether plaintiff is entitled to damages as a result.  However, defendants seek to reduce (1) plaintiff's damages by claiming that they are entitled to an SBA set-off and (2) plaintiff's attorney's fees and costs by claiming that they were making payments to plaintiff and made no effort to conceal the "Yemaya." Neither claim has merit.

Defendants fail to cite any case law or offer any facts or affidavits in support of their first claim, and they disregard the plain language of the note and the unconditional guarantees.  The note, which was created using SBA Form 147,  unequivocally states that the "[b]orrower waives all suretyship defenses."  Mot. Summ. J. Ex. 2, at 4.  A "'[s]uretyship is a contractual relation resulting from an agreement whereby one person, the surety, engages to be answerable for the debt, default, or miscarriage of another, the principal.'"  Masterclean, Inc. v. Star Ins. Co., 556 S.E.2d 371, 373 (S.C. 2001) (quoting 74 Am. Jur. 2d Suretyship § 1 (1974)).  In the instant case, defendants apparently attempt to argue that the SBA is the surety or co-guarantor of the loan obtained by CLSC; however, CLSC explicitly waived all suretyship defenses when it executed the note, and the unconditional guarantees executed by PSC and Faulk, which were created using SBA Form 148, state:  "SBA NOT A CO-GUARANTOR.  Guarantor's liability will continue even if SBA pays lender.  SBA is not a co-guarantor with Guarantor.  Guarantor has no right of contribution from SBA."  Mot. Summ. J. Ex. 3, at 3, 8.  Defendants' conclusory statement that plaintiff's damages should be offset by funds paid by the SBA falls far

short of creating a genuine issue of material fact, thus, the court finds that plaintiff is entitled to the total amount of damages requested.

Defendants' second claim—that CLSC was "making payments" and that the seizure was "unnecessary"—also fails because it ignores the following facts presented in Mr. Hudgens' February 23, 2010 affidavit:

> 4. When S/V YEMAYA was arrested on November 6, 2009, Faulk had not made a payment in almost three (3) months and was still owed March 2009's payment of $3000.00.
>
> 5. As of [February 23, 2010], Faulk still has not made another payment on the note.
>
> 6. At the time the vessel was arrested, Faulk and the other Defendants were eight (8) months past due on the note and getting further past due, nowhere near being current on the note, and in breach of Faulk's promise to pay $4500.00 per month or $2000.00 per week.
>
> 7. At the time the vessel was arrested, Ameris Bank had discovered that the vessel was not insured and not properly registered with the U.S. Coast Guard.
>
> 8. At the time the vessel was arrested, Ameris Bank discovered that taxes had not been paid on the vessel for the years 2006, 2007, 2008, and 2009, which is the entire time frame that the vessel has been owned by [CLSC].

Reply Ex. 6, at ¶¶ 4-8. Under the terms of the note, plaintiff was entitled to take possession of the vessel upon CLSC's default, and to "[t]ake any action necessary to protect the Collateral or collect amounts owing on this Note." Mot. Summ. J. Ex. 2, at 3. Considering all of the issues identified by Mr. Hudgens, the court finds that plaintiff's decision to arrest the vessel was not only reasonable but prudent. Once again, defendants are unable to demonstrate the existence of a genuine issue of material fact. Accordingly,

plaintiff is entitled to reimbursement for all reasonable attorney's fees and costs in this matter.

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is **GRANTED.**

    **AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**August 25, 2011**
**Charleston, South Carolina**